P SEND

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. CV 05-05907 MMM (CWx) | Date July 17, 2006 |

Title *Willoughby v. DT Credit Corp., et al.*

---

Present: The Honorable   MARGARET M. MORROW

| ANEL HUERTA | None |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   **Order Awarding Attorneys' Fees After Remand**

Plaintiff Karen Willoughby filed this action, individually and on behalf of others similarly situated, against DT Credit Corporation and various Doe defendants on July 7, 2005, in Los Angeles Superior Court. The complaint seeks injunctive and declaratory relief, an accounting, and damages based on DT Credit's purported violation of the Rees-Levering Automobile Sales Financing Act ("Rees-Levering Act"), California Civil Code §§ 2981 et seq., and of California Business and Professions Code §§ 17200 et seq. On August 12, 2005, DT Credit removed the action to this court, contending that it fell within the court's diversity jurisdiction. Willoughby filed a motion to remand on September 9, 2005, and sought an award of attorneys' fees. On December 8, 2005, Judge Nora Manella granted Willoughby's motion to remand and her request for attorneys' fees. Judge Manella directed that Willoughby file documentation substantiating the amount of fees she sought. Willoughby made the required filing on February 6, 2006, and the matter was transferred to this court on April 14, 2006.

On June 5, 2006, the court issued an order finding that the hours expended by Willoughby's attorneys were reasonable. Specifically, the court found that Alexander Trueblood reasonably spent 19.3 hours working on the removal and remand, and that the Kemnitzer Firm reasonably billed 46.1



hours for work related to the removal and remand.[1] The court found, however, that Willoughby had failed to adduce evidence that the hourly rates charged by her lawyers were reasonable. It therefore directed Willoughby to file supplemental evidence supporting the reasonableness of her attorneys' rates. The court stated that upon review of the supplemental evidence, and any responsive pleading defendants chose to file, it would award fees. On June 20, 2006, Willoughby filed a supplemental declaration in support of plaintiff's request for attorneys' fees after remand.

# I. DISCUSSION

## A.  Legal Standard Governing The Calculation Of Attorneys' Fees

Once a party has established that she is entitled to attorneys' fees, "[i]t remains for the district court to determine what fee is 'reasonable.'" *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* This is known as the lodestar figure, and it presumptively provides an accurate measure of reasonable attorneys' fees. See *Harris v. Marhoefer*, 24 F.3d 16, 18 (9th Cir. 1994); *Clark v. City of Los Angeles*, 803 F.2d 987, 990 (9th Cir. 1986). A court may increase or decrease the lodestar amount in rare or exceptional cases. See *Blum v. Stenson*, 465 U.S. 886, 898-901 (1984); *Harris*, 24 F.3d at 18; *Clark*, 803 F.2d at 990-91.

A court employing the lodestar approach to determine the amount of an attorneys' fees award does not directly consider the multi-factor test developed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), and *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975).[2] Rather, as a first step, it determines the lodestar amount, which subsumes certain of the *Kerr/Johnson* factors, i.e., the novelty and complexity of the issues, the special skill and experience of counsel, the quality of the representation, and the results obtained. See *Blum*, 465 U.S. at 898-900; *Clark*, 803 F.2d at 990-91 and n. 3; *Cunningham v. County of Los Angeles*, 879

---

[1] Bryan Kemnitzer recorded a total of 3.9 hours, while his associate, Millich, billed 37.0 hours, and his paralegals billed 5.2 hours.

[2] Under the *Johnson/Kerr* test, the factors to consider in determining the amount of attorneys' fees awarded include: "(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases." *Kerr, supra*, 526 F.2d at 70; see also *Johnson, supra*, 488 F.2d at 717-19.

F.2d 481, 484 (9th Cir. 1988). Next, the court looks to the *Johnson/Kerr* factors that have not been subsumed in the lodestar calculation to determine whether to increase or reduce the presumptively reasonable lodestar fee. See *Clark*, 803 F.2d at 991.

**B.     The Lodestar Calculation[3]**

Willoughby requests $24,344.50 in attorneys' fees.[4] Of this amount, $7,720.00 represents time spent by the Trueblood Law Firm, while $16,624.50 represents time charged by Kemnitzer, Anderson, Barron & Ogilvie, LLP ("Kemnitzer Firm").[5]

**1.     Reasonableness Of Counsels' Hourly Rates**

In determining the reasonableness of an attorney's rate, the court must review the "prevailing market rates in the relevant community." *Blum*, 465 U.S. at 895 & n. 11. The proper rate to utilize in computing fees is that which a lawyer of comparable skill, experience and reputation would command in the relevant community. *Id.* at 895 n. 11. "The burden is on the fee applicant to produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community." *Id.*

**a.     The Reasonableness Of Trueblood's Hourly Rate**

In support of the reasonableness of Alexander Trueblood's hourly rate, Willoughby proffers his declaration, which states that Trueblood's hourly rate is $400,[6] that he has more than fifteen years of experience handling complex litigation, and that he believes his rate is within the reasonable range of market rates for lawyers of similar background and experience in the Los Angeles area.[7] Additionally, Willoughby proffers the declaration of Richard M. Pearl, an expert on attorneys' fees issues, and a practicing litigator in California. Pearl states that Trueblood's hourly rate is reasonable

---

[3] DT Credit did not file a pleading challenging the reasonableness of the hourly rates charged by Willoughby's counsel or the reasonableness of the hours worked.

[4] Application in Support of Plaintiff's Request for an Award of Attorney's Fees after Remand ("Pl.'s App.") at 2.

[5] Declaration of Alexander Trueblood in Support of Plaintiff's Request for an Award of Attorney's Fees after Remand ("Trueblood Decl."), ¶ 2; Declaration of Bryan Kemnitzer in Support of Plaintiff's Request for an Award of Attorneys' Fees after Remand ("Kemnitzer Decl."), ¶ 14.

[6] Trueblood Decl., ¶ 3.

[7] *Id.*

based on his years in practice.[8] This evidence is sufficient to establish that Trueblood's hourly rate of $400 per hour is reasonable. See *Blum*, 465 U.S. at 895 n. 11; *Dang v. Cross*, 422 F.3d 800, 814 (9th Cir. 2005).

### b. The Reasonableness Of The Kemnitzer Firms's Hourly Rates

As evidence of the reasonableness of Bryan Kemnitzer's hourly rate, Willoughby proffers Kemnitzer's declaration, which states that his hourly rate is $485,[9] that he has been handling civil litigation for more than thirty years, and that he has tried at least thirty cases before a jury.[10] Kemnitzer has also served as an arbitrator and judge pro tem.[11] Kemnitzer's associate, Kyra N. Millich, charges an hourly rate of $375.[12] Millich has more than two years of complex litigation experience, and almost three years of general civil practice. She served as a federal judicial extern for one semester, and as a federal judicial administrative law clerk for one term.[13] Kemnitzer states that his firm employed paralegals to assist in this matter, who billed at an hourly rate of $165.[14] He asserts that these hourly rates are in line with the rates charged by other attorneys of comparable experience and education in specialized practices in California.[15]

In addition to his own declaration, Kemnitzer proffers orders from cases litigated in California in which he and his associates were awarded fees at comparable hourly rates.[16] These orders

---

[8]Declaration of Richard M. Pearl in Support of Plaintiff's Request for an Award of Attorneys' Fees ("Pearl Decl."), ¶ 13.

[9]Kemnitzer Decl., ¶ 8.

[10]*Id.*, ¶ 2.

[11]*Id.*

[12]*Id.*, ¶ 7.

[13]*Id.*

[14]*Id.*, ¶ 8.

[15]*Id.*

[16]See Supplemental Declaration of Bryan Kemnitzer in Support of Plaintiff's Request for an Award of Attorneys' Fees after Remand, Exhs. A (*Bikoriz, et al. v. Mercedes-Benz*, Case No. 03 AS02702, Sacramento County Superior Court, Order Granting Plaintiffs' Motion for Award of Reasonable Attorneys' Fees, Costs and Expenses (July 28, 2004) (awarding fees to Kemnitzer at an hourly rate of $475.00); B (*Graham, et al. v. DiamlerChrysler Corp.*, Case No. BC215624, Los Angeles County Superior Court, Order on Plaintiffs' Motion for Attorneys' Fees (Dec. 23, 2005) (awarding fees to Kemnitzer at a rate of $485 per hour); C (*Cardoza, et al. v. Mercedes Benz*, Case

constitute adequate evidence of the reasonableness of the firm's hourly rates. See *United Steelworkers v. Phelps Dodgy*, 896 F.2d 403, 407 (9th Cir. 1990) (the prevailing market rate is determined by the declarations of claimant's attorneys, other claimants' attorneys, other attorneys, and "rate determination in other cases, particularly those setting a rate for the [claimant's] attorney"). Pearl also opines that the rates charged by Kimnitzer, his associate, and paralegal are reasonable based upon their years of experience.[17] Consequently, the court finds that Willoughby has adequately established that the Kemnitzer firm's stated hourly rates are reasonable.[18]

### 2. Reasonableness of hours expended

"'[T]he fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of th[e] hours worked. The party opposing the fee application has the burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits.'" *Gates v. Rowland*, 39 F.3d 1439, 1449 (9th Cir. 1994) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1993)). Courts may reduce the number of hours compensated if the party seeking a fee award submits inadequate documentation. See *Cunningham*, 879 F.2d at 484 (citing *Hensley*, 461 U.S. at 433).

As the court found in its June 5, 2006 order, Alexander Trueblood reasonably spent 19.3 hours, and the Kemnitzer Firm reasonably billed 46.1 hours for work related to the removal and remand. Within the Kemnitzer firm, Bryan Kemnitzer reasonably recorded 3.9 hours, while his

---

No. CIV431261, San Mateo County Superior Court, Order on Plaintiff's Motion for Award of Statutory Fees – Prevailing Party (Civil Code § 1794(d)) (May 5, 2006) (finding that the Kemnitzer firm's hourly rates were "reasonable within the community of other firms with similar expertise handling similar work").

[17]Declaration Of Richard M. Pearl In Support Of Plaintiff's Request For An Award Of Attorneys' Fees ("Pearl Decl."), ¶ 13.

[18]In its opposition, DT Credit argues that Millich's rate of $375 is unreasonable, noting that it is only $25 per hour higher than Trueblood's rate, and that he has been practicing fifteen years, while she has only five years of litigation experience. It asserts that while such an rate might be reasonable if Millich were working on a contingency-fee basis, the fee arrangement here was non-contingency. See Supplemental Opposition by Defendant to Plaintiff's Request for Award of Attorneys' Fees After Remand ("Supp. Opp."). The court cannot agree that a rate of $375 per hour for Millich's work is unreasonable. Pearl's declaration indicates that Millich's rate is "well within the range of a reasonable rate for non-contingency fee rates." (Pearl Decl., ¶ 13.) Moreover, Pearl states that attorneys with commensurate experience are compensated at comparable rates up to $425 per hour. (See Pearl Decl. at 8.) The court's experience reviewing fee applications confirms that five-year lawyers are frequently compensated in this range. Accordingly, the court finds that Millich's stated hourly rate is reasonable despite DT Credit's objections.

associate, Millich, reasonably billed 37.0 hours; and his paralegals reasonably billed 5.2 hours.

### 3. The Final Lodestar Figure

Multiplying the hourly rates of Willoughby's attorneys and their paralegals by the hours they reasonably spent representing Willoughby, the court calculates a lodestar figure of $24,344.50 for work done by Willoughby's counsel ($7720.00 for work done by Trueblood; $1891.50 for work done by Kimnitzer; $13,875.00 for work done by Millich; and $858.00 for work performed by Kimnitzer's paralegals).

## II. CONCLUSION

For the reasons stated, the court awards Willoughby $24,344.50 in attorneys' fees associated with the removal and remand of this action.